**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:17-cv-00024-RM

THOMAS ALPERN,

    Plaintiff,

v.

BRIAN FEREBEE, in his official capacity as the U.S. Forest Service Region 2 Regional Forester, and
UNITED STATES FOREST SERVICE,

    Defendants.

---

**ORDER**

---

Plaintiff Thomas Alpern brings this as-applied challenge to Defendant United States Forest Service's application of the Federal Lands Recreation Enhancement Act ("REA"), 16 U.S.C. §§ 6801-6814 at Maroon Valley, Colorado. For the reasons given below, Plaintiff's petition for review of agency action is denied.

### I. INTRODUCTION

The relevant facts are not in dispute. The Forest Service charges visitors to Maroon Valley a recreation fee of ten dollars per vehicle. The 5.7-mile road through Maroon Valley has three developed parking areas, but parking along the road is not permitted, and there is nowhere else to park (for longer than 15 minutes). Upon arrival at the welcome station, visitors are asked whether they intend to stop at any of the facilities in the valley. If so, they must pay the recreation fee. Visitors who plan on merely driving through the valley do not have to pay.

Plaintiff drives to Maroon Valley and parks his vehicle in the developed parking areas to access wilderness areas and undeveloped federal lands. He contends he should not have to pay the recreation fee because he does not use the amenities at the parking areas, there is no feasible alternative means for him to access the undeveloped federal lands, and security services are not provided at two of the parking areas.

## II.   LEGAL STANDARD

The Court reviews the Forest Service's compliance with the REA under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. *See Sherer v. U.S. Forest Serv.*, 727 F.Supp.2d 1080, 1085-87 (D. Colo. 2010). Section 706(2) of the APA provides that an agency action must be upheld on review unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." The Court's standard of review his highly deferential—the agency's decision is entitled to a presumption of regularity, and the burden of proof rests with the party challenging the agency action. *Citizens' Comm. to Save Our Canyons v. Krueger*, 513 F.3d 1169, 1176 (10th Cir. 2008).

When a case involves an agency's interpretation of a governing statute, a court must first consider "whether Congress has directly spoken to the precise question at issue." *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842 (1984). "If Congress has done so, the inquiry is at an end; the court must give effect to the unambiguously expressed intent of Congress." *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 132 (2000) (quotation omitted). A reviewing court should not confine itself to examining statutory provisions in isolation; rather, it must interpret a statute as a symmetrical and coherent regulatory scheme and, if possible, fit all parts into a harmonious whole. *Id.* at 132-33.

## III. ANALYSIS

Under the REA, the Forest Service may charge a "standard amenity recreation fee" at certain areas

> (A) that provide[] significant opportunities for outdoor recreation;
> (B) that ha[ve] substantial Federal investments;
> (C) where fees can be efficiently collected; and
> (D) that contain[] all of the following amenities:
> > (i) Designated developed parking[;]
> > (ii) A permanent toilet facility[;]
> > (iii) A permanent trash receptacle[;]
> > (iv) Interpretive sign, exhibit, or kiosk[;]
> > (v) Picnic tables[; and]
> > (vi) Security services.

16 U.S.C. § 6802(f)(4). But it cannot charge a recreation fee "[s]olely for parking, undesignated parking, or picnicking along roads or trailsides," *id.* § 6802(d)(1)(A), or "[f]or general access unless specifically authorized under this section," *id.* § 6802(d)(1)(B).

Plaintiff first contends § 6802(d)(1)(A) prohibits the Forest Service from charging him a recreation fee "solely for parking" at the Maroon Valley parking areas. That provision expressly applies only "along roads or trailsides," *id.* § 6802(d)(1)(A). But even if the prohibition has broader application, Plaintiff has not been charged "solely for parking." He has been charged an area fee where he may take advantage of designated developed parking and other statutorily prescribed amenities. Outside the developed parking areas, parking along the road at Maroon Valley is generally not permitted, but that does not negate § 6802(f)(4), which permits charging a recreation fee for special areas containing the six amenities listed above. Nothing in the REA provides that where parking is not available along roads or trailsides, visitors may use developed parking in a qualifying recreation area without having to pay a recreation fee that would otherwise apply.

3

Plaintiff also contends that the recreation fee amounts to a fee for "general access," which is prohibited by § 6802(d)(1)(B). But he concedes that not all visitors to Maroon Valley are charged a fee. (ECF No. 18 at 8, ¶¶ 36, 38.) Nor does he dispute that he could access the areas without being charged the recreation fee, e.g., if he walked or took a bus. Although Plaintiff argues such options are not "legitimate, feasible, or applicable," (ECF No. 22 at 3), that does not mean the REA requires the Forest Service to allow visitors to park at developed parking areas containing specified amenities and opportunities without paying a recreation fee. Under these circumstances, the Court discerns no "general access" fee that violates § 6802(d)(1)(B).

Further, even though Plaintiff states he does not use any of the amenities at the parking areas, he parks his vehicle in the developed parking areas and has access to the amenities provided. Section 6802(f)(4)(D) lists amenities that the area must contain if a fee is to be charged—it does not require that a visitor use any of them to be charged the fee. A rule along the lines Plaintiff suggests—i.e., exempting visitors who do not use non-parking amenities from paying the recreation fee—would not fit into a coherent regulatory scheme under the REA. *See* § 6802(c) (stating that agencies "shall establish the minimum number of recreation fees and shall avoid the collection of multiple or layered recreation fees for similar uses, activities, or programs"). And it would be unworkable. Quite apart from the inherent difficulty of having forest service personnel monitor who used a toilet (§ 6802(f)(4)(D)(ii)), dropped garbage in a trash receptacle (§ 6802(f)(4)(D)(iii)), or looked at a sign or exhibit (§ 6802(f)(4)(D)(iv)), it is all but impossible to understand how personnel would determine how one visitor over another derived passive benefit from area security (§ 6802(f)(4)(D)(vi)) or from the fact that the parking lot was "developed" (§ 6802(f)(4)(D)(i)). And even if all of that could be discerned, there

4

remains the fact that the theoretical "pure parker" is still taking advantage of significant opportunities for outdoor recreation in the area (§ 6802(f)(4)(A)) and benefitting from substantial federal investment in the area (§ 6802(f)(4)(B)).

At its core, Plaintiff's position is that his "use" of amenities must dictate whether a fee can be charged. But the authorizing statute does not condition a standard recreation fee on the "use" of amenities. As noted, fees are permitted with respect to qualifying areas. This Court cannot construe the statutory language as authorizing a fee dependent on a visitor's use. Section 6802(f)(4) is simply not so worded; and the language used by Congress in § 6802(f)(4) stands in stark contrast to that of § 6802(g). *See* § 6802(g) (providing for expanded amenity recreation fees if a visitor uses "developed campgrounds," "highly developed boat launches," "sanitary dump stations," "developed swimming sites," or other listed facilities and services).

Finally, Plaintiff briefly argues that two of the parking areas at Maroon Valley do not have security services, as required under § 6802(f)(4)(D)(vi). (ECF No. 18 at 18.) This argument is inconsistent with other portions of his brief, where he states that "the only available parking areas to access the trailheads also have all six amenities" listed in § 6802(f)(4)(D), and his statement of undisputed material facts, which states that those two parking areas "have paved parking lots, toilets, picnic tables, information kiosks, trash service, and security patrols." (ECF No. 18 at 4, 6.) Further, Plaintiff provides no evidence to support this argument. His assertion that he has never seen anyone patrolling the areas does not establish that the parking areas contain no security services.

Plaintiff has failed to show that the Forest Service's application of the REA at Maroon Valley is inconsistent with the plain language of the statute, which clearly allows recreation fees

to be charged where the listed amenities are provided, regardless of whether visitors make use of them or other parking options are available. Thus, Plaintiff has not shown that the Forest Service's decision to charge him a recreation fee was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

## IV. CONCLUSION

Accordingly, Plaintiff's petition for review is DENIED, the agency action is UPHELD, and the Clerk is directed to CLOSE this case.

DATED this 5th day of March, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge